UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO: 2:15-cr-22-FtM-38MRM

BASILIO AMAURY BRON, JR.
_____/

### ORDER[1]

This matter comes before the Court on Defendant Basilio Amaury Bron, Jr.'s Motion to Dismiss Indictment (Doc. #41) filed on October 13, 2015.  Even without the benefit of a Government response, the Court finds the Motion must be denied.

### Legal Standard

"The sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (citations omitted).  Whether an indictment sufficiently alleges a statutorily prescribed offense is a question of law.  *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999) (citation omitted).  "An indictment is sufficient, if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enabled the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Steele*, 178 F.3d 1230, 1233-34 (citation omitted).  Moreover, indictments that trace the language of the statute must include a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

statement of the facts and circumstances to inform an accused of the specific offense with which the accused is charged. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (citation omitted).

## Discussion

Defendant argues 18 U.S.C. § 922(g) is unconstitutional, as applied to him, because he possessed a firearm only within Florida and such possession does not meet the requisite elements for a violation of § 922(g).  Therefore, the Indictment must be dismissed.  The Court finds this argument unpersuasive for multiple reasons.  First, this Motion is untimely as this action has been pending since March 2015 and is set for trial next month.  Second, the Eleventh Circuit has, on many occasions, rejected Defendant's exact argument.  See *United States v. Moody*, 555 F. App'x 867, 868-69 (11th Cir. 2014) ("[W]e have also held that § 922(g) is not unconstitutional as applied to a defendant who merely possessed a firearm within state lines so long as the government introduces sufficient evidence showing that the firearm has a minimal nexus to interstate commerce, *i.e.,* that the firearm was manufactured, assembled, or sold outside the state or that it travelled in interstate commerce.") (citing *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011)); *see also United States v. Reverio*, 551 F. App'x 552, 553 (11th Cir.), *cert. denied*, 134 S.Ct. 2158, 188 L.Ed.2d 1141 (2014) (collecting cases rejecting the same argument).  Third, a review of the Indictment (Doc. #3) reveals it meets the sufficiency requirements set out in *Steele,* 178 F.3d at 1233-34.  Defendant's Motion (Doc. #41) must therefore be denied.

Accordingly, it is now

**ORDERED:**

Defendant Basilio Amaury Bron, Jr.'s Motion to Dismiss Indictment (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this October 14, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record